WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael S. Neminsky, et al., | No. CV-14-01196-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Bank of America Corporation, et al., | |
| Defendants. | |

Pending before the Court is the Motion for Summary Judgment by Plaintiffs Arlene C. Neminsky and Michael S. Neminsky. (Doc. 62.) Also pending before the Court is the Motion for Summary Judgment by Defendants BAC Home Loans Servicing LP, Bank of America Corporation, and Bank of America NA (collectively "Bank of America"). (Doc. 66.) For the following reasons, the Court denies Plaintiffs' motion and grants defendants' motion.

## BACKGROUND

In 2009, Plaintiffs Michael and Arlene Neminsky were struggling to make their loan payments, and requested a loan modification under the federal Home Affordable Modification Program ("HAMP") from Bank of America. A representative of Bank of America instructed Plaintiffs to stop making their mortgage payments in order to obtain a modification. Based on this information, Plaintiffs became over ninety days delinquent in payments. In October 2009, Plaintiffs entered into a Loan Modification Agreement with Defendants. (Doc. 63 at PDF 26-28.)

1    The Neminskys made their modified payments through April 2011. According to
2 Mr. Neminsky's testimony, the Bank of America employee who advised him about the
3 2009 loan modification had suggested (in 2009) that he could apply for another
4 modification later that would reduce the debt principal, and that he should do so using the
5 same procedure as the first, which was to stop payment on the mortgage and apply to
6 Bank of America. (Doc. 76-1 at PDF 34, p. 81.) In May 2011, the Neminskys did not
7 submit their payment. In June 2011, Defendants sent the Neminskys a Notice of Intent to
8 Accelerate, stating that the previous month's missed payment constituted a default, that
9 the Neminskys had the right to cure the default by paying the missed monthly payment
10 and the late charge, and that if the default was not cured by July 16, 2011, the mortgage
11 payments would be accelerated and foreclosure proceedings would be initiated. (Doc.
12 67-1 at PDF 52.)

13    On August 13, 2011, Bank of America sent the Neminskys a letter stating that the
14 Naminskys "may be eligible" for a loan modification through the Home Affordable
15 Modification Program ("HAMP") and encouraging them to send financial information so
16 that Bank of America could determine whether they were eligible. (Doc. 67-1 at PDF
17 54.) On August 28, 2011, the Neminskys filed an application for a loan modification.
18 (Doc. 67-1 at PDF 68-70.)

19    On October 12, 2012, Bank of America informed the Neminskys that it had
20 transferred its servicing rights on the Neminskys' loan to Specialized Loan Servicing
21 ("SLS"). On December 11, 2012, SLS sent the Neminskys a letter informing them that
22 their loan modification application was denied because the financial information they
23 provided disqualified them for a HAMP loan.

## ANALYSIS

**I.    Legal Standard**

26    The Court grants summary judgment when the movant "shows that there is no
27 genuine dispute as to any material fact and the movant is entitled to judgment as a matter
28 of law." Fed. R. Civ. P. 56(a). In making this determination, the Court views the

evidence "in a light most favorable to the non-moving party." *Warren v. City of Carlsbad,* 58 F.3d 439, 441 (9th Cir.1995). Where the parties have filed cross-motions for summary judgment, the Court "evaluate[s] each motion independently, 'giving the nonmoving party in each instance the benefit of all reasonable inferences.'" *Lenz v. Universal Music Corp.*, 2015 WL 5315388, at *2 (9th Cir. Sept. 14, 2015) (quoting *ACLU v. City of Las Vegas,* 333 F.3d 1092, 1097 (9th Cir.2003)). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The party opposing summary judgment "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995). Substantive law determines which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248). Thus, the nonmoving party must show that the genuine factual issues "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson*, 477 U.S. at 250).

**II.  Analysis**

Arizona has adopted the "Good Samaritan Doctrine," which provides that when a person voluntarily undertakes to render services to another, even when there is no legal duty to do so, that person is liable for any lack of due care in performing it. Restatement

(Second) of Torts § 323; *Lloyd v. State Farm Mut. Auto. Ins. Co.*, 176 Ariz. 247, 250, 860 P.2d 1300, 1303 (Ct. App. 1992). The Good Samaritan Doctrine applies to economic harm and lenders are not excepted from liability. *Steinberger v. McVey ex rel. County of Maricopa*, 234 Ariz. 125, 137, 318 P.3d. 419, 430–31 (App. 2014); *accord Silving v. Am.'s Servicing Co.*, 552 F. App'x 684, 684–85 (9th Cir. 2014). Under Arizona law, to succeed on a claim for increased risk of economic harm under the Good Samaritan Doctrine, a plaintiff must prove that: (1) defendants undertook to render services to the plaintiff that they should have recognized were necessary for the protection of the plaintiff's property, (2) the defendants' failure to exercise reasonable care while doing so increased the risk of harm to the plaintiff, and (3) the plaintiff was in fact harmed because of the defendants' actions. *Steinberger*, 234 Ariz. at 137, 318 P.3d at 431.

Here, there is no evidence that Bank of America failed to exercise reasonable care, or that the Neminskys were harmed. In 2009, a Bank of America representative advised the Neminskys that they must default on their loan before applying for a loan modification. The Neminskys did default on their loan in 2009 and did receive a loan modification in 2009.[1] In 2011, the Neminskys defaulted on their modified loan in hopes of receiving another loan modification, relying again on the information given by a Bank of America representative in 2009.[2] They had the opportunity to apply for a loan modification, but their application was denied. The Neminskys have failed to provide evidence suggesting that their application was denied due to any negligence on the part of Bank of America. The loan application was processed by SLS, not Bank of America. Moreover, the Neminskys' financial information did not qualify them for a loan.

/ / /

---

[1] The Neminskys have cited to nothing in the record to support their contention that the October 2009 loan modification agreement signed by the Neminskys (Doc. 63 at PDF 26-28) "never resulted in a 'permanent modification' per FDIC guidelines." (Doc. 71 at 2.)

[2] In considering Bank of America's motion for summary judgment, the Court assumes the truth of Mr. Neminsky's testimony that a Bank of America representative told him in 2009 that he could later default a second time to pursue a second, more desirable loan modification, and that he acted upon that advise two years later, in 2011. (Doc. 76-1 at PDF 34, p. 81.)

- 4 -

**CONCLUSION**

For the reasons stated above, the Court concludes that there is no genuine issue of material fact to support Plaintiff's claim under the Good Samaritan doctrine.

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment by Plaintiffs Arlene C. Neminsky and Michael S. Neminsky (Doc. 62) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment by Defendants BAC Home Loans Servicing LP, Bank of America Corporation, and Bank of America NA (Doc. 66) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED** and the Clerk of Court is directed to enter judgment accordingly.

Dated this 5th day of February, 2016.

Honorable G. Murray Snow
United States District Judge